## EVANS vs. HOPPOCK and another.

Plaintiff and defendants entered into a written contract that plaintiff was to pay them a specified sum in installments, and thereupon was to receive from them a deed of certain real estate, and meanwhile was to occupy as their tenant subject to a forfeiture of possession on non-fulfillment of his covenants. In an action by plaintiff to recover the amount of purchase money paid, on the ground that defendants had failed to give him possession, and had leased the premises to one P., it appeared that P., who was in possession at the date of said contract, afterwards agreed with plaintiff to deliver him possession in nine days, if he did not within that time buy the property; that plaintiff waited for several months for P. to buy the property, permitting him to retain the possession; and that the lease from defendants to P. (by which no rent was reserved, and which was revocable at their pleasure) was executed while he was thus in possession. *Held,* that P. was in possession under the plaintiff; that the lease to P. from the defendants was void; and that there had been no breach by defendants of their contract with the plaintiff, entitling him to rescind the same and recover the money paid.

APPEAL from the Circuit Court for *Racine* County.

This action was commenced in 1862, to rescind a contract for the purchase of real property, entered into November 3d, 1860, and to recover so much of the purchase money as had been paid by the plaintiff at the date of said contract. By the terms of the contract, $558 were to be paid at the delivery thereof, and two installments of $494 in one and two years thereafter; and thereupon plaintiff was to receive a deed of the premises. Plaintiff also covenanted to pay the taxes, &c., and hold the premises as a tenant at sufferance of the defendants, subject to be removed as a tenant holding over, on any default. The ground on which the relief was sought was, that plaintiff had never obtained possession of the premises, but that defendants, without plaintiff's knowledge or consent, had given a lease of them for two years to one Powles, who was in possession of them at the date of said contract, and still held the possession.

The defense was, that on said 3d of November, 1860, defendants purchased said premises at a foreclosure sale (made under a decree in their favor against said Powles); that they made such purchase in pursuance of an arrangement between them and plaintiff and said Powles, by which, on their bidding in the premises for the amount due on the decree, *Evans* was to advance to them some six hundred dollars for Powles, and enter into a contract to pay the balance due on the decree; that Powles was to remain in possession of the premises (which included a flouring mill) without the payment of rent, to enable him to refund to *Evans* the money he was to advance, with interest, and also to make the subsequent payments to defendants; and that *Evans* was to take a contract of sale of the premises in his own name, as a security for the money advanced by him; that *Evans* did advance the amount claimed to have been paid by him, and took the contract of sale in pursuance of this agreement; that *Evans* afterwards agreed with Powles that the latter might remain in possession of the prem-

ises and occupy them for the purposes above mentioned; and that Powles has continued in possession under that agreement; that the lease executed by defendants to Powles in March, 1861, was given in pursuance of said original agreement of the parties, and with the approval of the plaintiff, and subject to all his rights, and that no rent was reserved therein, and it was revocable at the pleasure of defendants, and they had in fact revoked the same, in writing, at plaintiff's request, on the 5th of June, 1861, and such revocation was then delivered to the plaintiff; and that defendants had always been ready to fulfill said contract on their part.

On the trial, the plaintiff read in evidence the contract between himself and defendants, and the lease executed by them to Powles, and rested. The defendants introduced evidence tending to prove the several facts alleged in defense. *Evans* was then sworn as a witness in his own behalf, and testified, among other things, as follows: "I expected the contract to be carried out; that I was to have possession, and have it for my own use. I am a miller, and expected possession for myself. I never told Mr. Powles that he could remain in possession. I told him, the same day of the sale, coming home, that the quicker he moved out the better it would be. Powles said he would give me possession in nine days if he did not buy the mill back. I waited until the nine days were up, and then he wanted a longer time. I demanded possession of defendants after I found they had given the lease, and not before. I thought I could manage Powles if they would let him alone. I was not present when that lease was executed, and never gave my consent to the making of it." On cross-examination witness was asked, " When Powles wanted you to wait nine days for him to raise the money, did you consent to wait?" *Answer:* " I never consented anything about it. I did wait." *Question:* " After the nine days had expired, and Mr. Powles wanted you to wait longer, did you agree or consent to wait longer?" *Answer:* " I never agreed or consented to wait. I

did not say anything about it. I waited longer, and did wait until March, 1861. I told Mr. Powles in March that I would not wait longer than the first of April on any account." An affidavit was then shown witness, and he was asked whether he made it, and answered that he did, and that the same was true. The affidavit was then read in evidence as a part of the cross-examination of the witness. It was made on the 13th of May, 1861, and states, among other things, that affiant, on the 3d of November, 1860, after entering into the aforementioned contract of purchase with defendants, made a verbal agreement with Powles that if the latter would refund to affiant the sum paid by him to defendants, with interest thereon, within one month from that day, affiant would assign said contract to him; that affiant "has extended the time, from time to time, since said agreement, for said Powles to refund the sum of money aforesaid, and said Powles has failed in every instance to refund said money or any part thereof" to affiant; that Powles agreed with affiant that he would surrender up peaceably the possession of said premises on the 1st of April, 1861, to affiant, in case he failed to pay said sum of money, &c., &c.

The circuit judge found as facts, among other things, that the defendants executed their lease of said premises to Powles without the knowledge or consent of the plaintiff; that Powles, from the date of the contract between the parties to this action, up to the commencement of the action, continued in the occupation of the premises by the procurement of the defendants; that plaintiff had endeavored to get possession of the same, but had never obtained possession in any manner. He held therefore that the plaintiff was entitled to the relief sought, and rendered judgment accordingly; from which the defendants appealed.

*G. A. & W. H. Starkweather*, with whom was *E. Mariner*, for appellants.

*Henry T. Fuller*, for respondent. [No brief on file.]

*By the Court*, COLE, J.    In our opinion the respondent fails to show such a breach of the contract on the part of the appellants as to entitle him to the relief demanded.    He proceeds upon the idea that there has been such a failure to perform on their part that he can rescind and recover back the amount paid on the contract.    He claims that his purchase gave him the right to the possession of the premises, but that he has never been in the actual possession of the property. The following is the material allegation of the complaint upon this point:    "The plaintiff further shows to the court, that at the time of the execution of said contract, one John Powles was in the actual possession of said premises, and that this plaintiff then requested said Powles to give him possession of said premises, which said Powles refused to do ; that within a few weeks thereafter, and while the said Powles continued in actual possession of said premises, the said defendants, without the knowledge or consent of this plaintiff, executed and delivered to said Powles a lease of said premises for the term of two or three years, and thereby violated their said contract ·with this plaintiff."    Now whether the respondent would be entitled to a rescission of the contract upon establishing these facts by competent evidence, is a question which we shall not consider.    For, assuming that he gives in his testimony the correct account of the arrangement made in respect to the possession, it is very apparent that Powles continued in possession with the respondent's consent.    For he says that on the day of the sale, while going home, upon his telling Powles that the quicker he moved out the better it would be, Powles said he would give him possession in nine days if he did not buy the mill back, and that he waited until the nine days were up, and then Powles wanted a longer time. This, with other portions of his testimony, shows most conclusively that Powles continued in possession with his knowledge and consent.    The respondent waited from the 3d of November until the following March for Powles to buy back the

property, permitted him to retain possession, and told him in March that he would not wait longer than April on any account. In view of these statements of the respondent it is utterly impossible to say that Powles did not retain possession with his full knowledge and consent. He permitted Powles to continue in possession not only for the period of nine days but for four months. Powles then must be considered to be in possession under him, according to an arrangement which he himself made, and there is no ground for saying there has been any breach of the contract made with the appellants in respect to the possession of the property, or upon any other point. It is true, the attorneys of the appellants, on the 19th of March, 1861, gave Powles, in the name of their clients, a written leave to hold possession of the property until the following November, with the privilege of renewal for a year. It is unnecessary to dwell upon the circumstances or reasons for giving this lease. The attorneys in giving it, however, acted most unquestionably in entire good faith, and according to their understanding of the arrangement entered into between the respondent and Powles at the time the written contract was executed. But suppose they were mistaken about the terms of this arrangement in respect to the possession, and that the respondent gives the true history of the transaction, as we have assumed above, then it is evident the lease was simply void. No rent was reserved in it, and the right to terminate it at will was expressly reserved likewise, and it was in fact ended, and all rights under it (if any) were revoked at the instance of the respondent. But we suppose the giving of the lease was a void act in the light we have been considering the case; the right to the possession of the premises being in the respondent, and he having actually controlled the possession in the manner detailed by him in his evidence.

The judgment of the circuit court is reversed, and a new trial ordered.